UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 19-cv-61143-WPD

RENZO BARBERI

 Plaintiff,

v.

MASQUERADE COSTUMES, INC., A
Florida Profit Corporation, LEONARD B.
RAPP and INDEE L. RAPP, Individuals

 Defendant.
_____/

**DEFENDANTS' MOTION AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY FINAL JUDGMENT AND/OR TO DISMSS CASE AS MOOT**

 Defendants, Masquerade Costumes, Inc., Leonard B. Rapp, and Indee L. Rapp, submit this memorandum of law in support of their Motion for Summary Final Judgment ("Motion") pursuant to Rule 56 of the Federal Rules of Civil Procedure and/or to Dismiss the Case for pursuant to 12(b)(1), Federal Rules of Civil Procedure.

**PROCEDURAL POSTURE**

 Plaintiff, Renzo Barberi filed a single count complaint alleging that the defendants' store and parking lot located at 5801 Hollywood Blvd., Hollywood, FL 33021 is not compliant with the Americans with Disabilities Act (ADA). DE 1. According to PACER, Renzo Barberi has filed five hundred twenty-one (521) separate lawsuits alleging a violation of the ADA since 2013 in the Southern District of Florida. The crux of plaintiff's complaint is that defendants' facility lacks accessible parking. *Id*, ¶ 15. Paragraph 15 of the Complaint alleges several purported violations. *Id*. Every single one of these violations either does not exist and/or has been remedied. [Facts, ¶ 8-12].

Accordingly, for the reasons more fully hereinafter set forth, and as further supported by the Sworn Declarations of Leonard B. and Indee Rapp, and Defendant's expert, Mr. Luis Androuin, and the Concise Statement of Material Facts, filed contemporaneous herewith, summary final judgment and/or a dismissal should be entered for the defendants herein.

## UNDISPUTED MATERIAL FACTS

In accordance with Local Rule 7.5(a), defendants have filed its Concise Statement of Material Facts as to which the defendants contend there exist no genuine issue to be tried. Such Statement is incorporated herein by reference and will not be repeated.

## ARGUMENT

Summary judgment is appropriate when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of meeting this standard. See *Adickes v. S.H. Kress & Co.*, 398 US. 144, 157 (1970). In applying this standard, the evidence, and all reasonable factual inferences drawn therefrom, must be viewed in the light most favorable to the non-moving party. See *Arrington v. Cobb County* 139 F.3d 865, 871 (11th Cir.1998); *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir.1997).

A defendant may move for summary judgment with or without supporting affidavits. Fed.R.Civ.P. 56(b). The non-moving party, however, bears the burden of coming forward with evidence of each essential element of their claims, such that a reasonable jury could find in their favor. See *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir.1990). The non-moving party "[m]ay not rest upon the mere allegations and denials of [its] pleadings, but [its] response ... must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Conclusory, uncorroborated allegations by a plaintiff in an affidavit or deposition will not create an issue of fact for trial sufficient to defeat a well-supported summary judgment. See *Earley*, 907 F.2d at 1081. The failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial and requires the court to grant the motion for summary judgment. See *Celotex*, 477 U.S. at 322.

Title III of the Americans with Disabilities Act provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

To make out a prima facie ADA discrimination case, plaintiff must establish that (1) he is disabled; (2) that the store is a place of public accommodation; and (3) that plaintiff was denied full and equal treatment because of his disability. See *Access Now, Inc. v. S. Fla. Stadium Corp.*, 161 F.Supp.2d 1357, 1363 (S.D.Fla.2001). "Congress enacted the ADA in 1990 to remedy widespread discrimination against disabled individuals." *PGA Tour, Inc. v. Martin*, 121 S.Ct. 1879, 1889 (2001). Only injunctive and declaratory relief is available to private litigants who bring suit under Title III; i.e., money damages are not available. See, *Association for Disabled Americans, Inc. v. Concorde Gaming Corporation*, 158 F.Supp.2d 1353 (S.D. Fla. 2001); 42 U.S.C. § 12188.

    **A.**    **The violations alleged in the complaint do not exist and/or are moot; therefore, the claims must be dismissed and/or summary judgment granted.**

To establish constitutional standing to bring a lawsuit, a plaintiff must demonstrate that (1) he suffered an injury in fact; (2) the injury was causally connected to the defendant's action; and

(3) the injury will be redressed by a judgment in the plaintiff's favor. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992); *Shotz v. Cates,* 256 F.3d 1077, 1081 (11th Cir.2001) (applying *Lujan* standing test to ADA case). In addition, "a party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury." *Wooden v. Bd. of Regents of Univ. Sys. of Ga.,* 247 F.3d 1262, 1284 (11th Cir.2001); *Shotz,* 256 F.3d at 1081 (affirming district court's dismissal of ADA claim for plaintiff's failure to allege real and immediate threat of future discrimination).

Plaintiff clearly only has standing to raise those violations identified at the time his complaint was filed. *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 571 n.4 (1992). Plaintiffs "do not have standing to complain about alleged barriers which they were unaware of at the filing of their complaint." *Brother v. CPL Invs., Inc.,* 317 F.Supp.2d 1358, 1368 (S.D.Fla.2004).

If events that occur subsequent to the filing of a lawsuit...deprive the court of the ability to give the plaintiff...meaningful relief, then the case is moot and must be dismissed. Indeed, dismissal is required because mootness is jurisdictional." *Houston v. 7-Eleven, Inc.*, No. 13-60004-CIV, 2014 WL 351970, at *1 (S.D. Fla. Jan. 31, 2014) (quoting *Troiano v. Supervisor of Elections in Palm Beach Cnty., Fla.*, 382 F. 3d 1276, 1281 (11th Cir. 2004)); *Wooden v. Board of Regents of University Septin of Georgia*, 247 F.3d 1262, 1284 (11th Cir. 2001) (injunctive relief is only appropriate if the party can establish a "real and immediate as opposed to a merely conjectural or hypothetical threat of future injury."); *Kallen v. J.R. Eight, Inc*., 775 F.Supp.2d 1374 (S.D. Fla. 2011) (complaint dismissed based upon mootness due to modifications completed prior to injunction hearing).

In *Kallen v. J.R. Eight, Inc.*, 775 F. Supp. 2d. 1374 (S.D. Fla. March 31, 2011), an ADA case Ronald Stern, Esquire filed on behalf a disabled individual who is confined to a wheelchair, the court held the matter is subject to dismissal for lack of jurisdiction:

> "Because Defendant has remedied nine of the deficiencies alleged in the Amended Complaint, the Court finds that those nine claims are rendered moot and subject to dismissal for lack of jurisdiction." *Id*. at 1379 citing *Troiano v. Supervisor of Elections in Palm Beach County, Fla.,* 382 F.3d 1276, 1281 (11th Cir.2004) ("A moot case is nonjusticiable and Article III courts lack jurisdiction to entertain it."). The court went on to state, "If an ADA plaintiff has already received everything to which he would be entitled, i.e., the challenged conditions have been remedied, then these particular claims are moot *absent any basis for concluding* that plaintiff will again be subjected to the same wrongful conduct by this defendant." *Casa Marina,* 458 F.Supp.2d at 1365. "Like the Plaintiffs in *Casa Marina,* Plaintiff *Kallen* "ha[s] not, nor can [he] present any competent or reasonable evidence whatsoever to suggest that [he] will again be subjected to the same ADA violations by this Defendant. It is [untenable] for Plaintiff [ ] to suggest that once the renovations are completed they could be undone." *Id.* at 1366.  Accordingly, the Court lacks jurisdiction over these claims and they are dismissed."

This case is indistinguishable from *Kallen*.  In this case, Paragraph 15(a) through (j) of the complaint identifies the various purported violations plaintiff claims he experienced at the facility. DE 1, ¶ 15. There are no additional allegations or claims identified. DE 1. Plaintiff's allegations consist of complaints about the signage (informative, directional and parking), designated accessible parking, accessible routes from the designated accessible parking space, and public transportation site arrival points, to the accessible entrance of the facility as set forth in paragraph 15, sub-parts a – j of the Complaint. DE 1, ¶ 15.  In this case, defendants have made all readily achievable modifications to the facility as set forth in the Affidavits and Expert Report filed. Facts, ¶¶ 8-12.

Here, prior to the filing of the complaint, defendants were unaware ADA violations existed on their property.  Facts ¶ 6. Subsequent to the complaint being filed, defendants voluntarily took the necessary actions to correct any ADA violations that were unknown to them.  Facts ¶ 7.  In

5

fact, defendants hired a gentleman by the name of Luis Androuin, a well-established ADA expert, to advise them that the entire facility was fully compliant with the ADA. Facts ¶ 8. Contrary to the allegations in the complaint, the premises located at 5801 Hollywood Blvd., Hollywood, FL 33021 is compliant with the ADA and has an accessible parking space, signage, bars, and aisles. Facts ¶ 10. Defendants have completed all readily achievable modifications to the facility required by the ADA. Facts ¶ 11. Further, because the purported ADA compliant access matters identified in the complaint are architectural in nature, it is clear defendants will not undo the improvements to their property, and therefore, the ADA violations are unlikely recur. Facts ¶ 12.

Because defendants have remedied the deficiencies alleged in the Complaint, and the violations are not likely to recur, the claims are rendered moot and subject to dismissal for lack of jurisdiction. *Troiano v. Supervisor of Elections in Palm Beach County, Fla.,* 382 F.3d 1276, 1281 (11th Cir.2004) ("A moot case is nonjusticiable and Article III courts lack jurisdiction to entertain it."). "If an ADA plaintiff has already received everything to which he would be entitled, i.e., the challenged conditions have been remedied, then these particular claims are moot *absent any basis for concluding* that plaintiff will again be subjected to the same wrongful conduct by this defendant." *Access 4 All, Inc. v. Casa Marina Owner, LLC*, 458 F.Supp.2d 1359, 1365 (Fla. S.D. 2006) (reversed and remanded on other grounds by, *Access 4 All, Inc. v. Casa Marina Owner, LLC*, 264 Fed.Appx. 795 (11th Cir. Feb.5, 2008); see also, *Chambers v. Zesto Enterprises, Inc.*, Case No. 1:09-cv-0292-WSD, 2009 WL 3200682 (N.D. Ga. 2009) (dismissing the plaintiff's complaint alleging barriers under Title III of the ADA as moot and finding, "once a defendant remedies any alleged deficiencies, a plaintiff's claim becomes moot"); *Kallen v. J.R. Eight, Inc.*, 775 F.Supp. 2d. 1374, 1379 (S.D.Fla.2011) ("It is untenable for Plaintiff to suggest that once the renovations are completed they could be undone.").

Thus, plaintiff's claims are moot, and the court does not have jurisdiction over the claims. Accordingly, the court should grant defendants' motion for summary judgment and/or dismiss the claims as moot.

WHEREFORE, MASQUERADE COSTUMES, INC., LEONARD B. RAPP, AND INDEE L. RAPP, respectfully request that this Court grant summary final judgment against the Plaintiff, RENZO BARBERI, and enter a dismissal of the case, together with awarding the defendants their costs and disbursements, reasonable attorneys' fees pursuant to the ADA, and such other and further relief as this Court deems just, equitable and proper.

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and upon the individuals on the attached service list.

## SERVICE LIST

Ronald E. Stern, Esq.
The Advocacy Law Firm, P.A.
1250 East Hallandale Beach Boulevard, Suite 503
Hallandale Beach, FL 33009
Telephone: (954) 639-7016
Facsimile: (954) 639-7198


*Attorney for Plaintiff*


        Respectfully Submitted,

        By: */s/ Peter J. Solnick*
           Peter J. Solnick
           Florida Bar No.: 670006
           Email: pete@solnicklaw.com
           **SOLNICK LAW, P.A.**
           17501 Biscayne Blvd., Suite 420
           Aventura, FL 33160
           Phone: (786) 629-6530